[Cite as *State v. Graszl*, 2020-Ohio-1454.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| ROGER GRASZL, | : | Case No. 2019 CA 0045 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:             Appeal from the Richland County
                                     Court of Common Pleas, Case No.
                                     2016 CR 0524



JUDGMENT:                            Affirmed



DATE OF JUDGMENT:                    April 10, 2020



APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

GARY BISHOP                          BYRON CORLEY
Prosecuting Attorney                 28 Park Avenue West; 1002
Richland County                      Mansfield, Ohio 44902


By: JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Baldwin, J.*

**{¶1}**   Defendant-appellant Roger Graszl appeals from the April 25, 2019 Journal Entry of the Richland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}**   On August 10, 2016, the Richland County Grand Jury indicted appellant on two counts of tampering with records in violation of R.C. 2913.42(A)(1),  felonies of the third degree.   At his arraignment on February 21, 2017, appellant entered a plea of not guilty to the charges.

**{¶3}**   Thereafter, on September 13, 2017, appellant withdrew his former not guilty plea and entered a plea of guilty to both counts. As memorialized in a Sentencing Entry filed on November 2, 2017, appellant was sentenced to five years of community control and ordered to pay $33,348.61 in restitution.

**{¶4}**   Thereafter, on December 13, 2018, probation violations were filed against appellant. On January 22, 2019, appellant admitted to some of the violations, the trial court found him guilty and, pursuant to a Journal Entry filed on January 24, 2019, the trial court set the matter for sentencing on April 24, 2019. At the sentencing hearing on April 24, 2019, appellant asked the trial court to continue the sentencing for 90 days to give him more time to pay restitution. Appellant's counsel noted that appellant had been arrested on a warrant out of Cleveland after being released in the case sub judice, and that appellant was released on bond in the Cleveland case on March 20, 2019, so "that would have been the first opportunity that he had to pay, March 20th of 2019." Transcript

at 4. Appellant's counsel argued that appellant had not really been out of jail and had the opportunity to pay restitution. The trial court denied that request and sentenced appellant to twenty-four months on both counts, to run consecutively for a total of forty-eight months in prison.

{¶5} Appellant now raises the following assignment of error on appeal:

{¶6} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO CONTINUE THE SENTENCING HEARING."

I

{¶7} Appellant, in his sole assignment of error, argues that the trial court erred when it denied his motion to continue the sentencing hearing.

{¶8} "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge." *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). Therefore, an appellate court must not reverse a trial court's decision to deny a motion for continuance unless it finds that the trial court abused its discretion. *Id.*; *State v. Wheat*, 5th Dist. Licking App. No. 2003-CA-00057, 2004-Ohio-2088 The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶9} Appellant, at the sentencing hearing, argued that upon his release from Cuyahoga County on March 20, 2019, he learned that heavy equipment that he owned had been stolen from a job site in the Kentucky/Cincinnati area and that the equipment had a value in the range of $50,000.00 to $60,000.00. He filed a police report and was arrested by his Richland County probation officer that day for traveling to the

Kentucky/Cincinnati area. He noted that from March 21, 2019 until the day of sentencing, appellant had been in jail and had not had the opportunity to pay restitution.

{¶10} However, at the sentencing hearing, appellant's probation officer informed the court that appellant had been told to report to him or another probation officer as soon as he was released from the Cuyahoga County jail, but did not do so and went to Kentucky without permission. However, appellant had told his attorney that his probation officer had given him permission to travel out of state. According to appellant's probation officer, appellant reported when he wanted to and was not amenable to supervision. Appellant still owed over $32,000.00 in restitution and the Cleveland charges (passing bad checks) were still pending. The trial court, in sentencing appellant, found that he was not amenable to supervision and liked to do things his way "and not necessarily the legal or right way." Transcript at 11. As noted by appellee, the trial court "had every reason to believe that if he continued sentencing that Appellant would continue to shirk his responsibilities and would not make any meaningful progress on paying his restitution…The Court had already given Appellant a three-month window between his admissions [on January 22, 2019] and his sentencing hearing [on April 24, 2019] but that did not cause Appellant to do much to come into compliance with his community control."

{¶11} Based on the foregoing, we find no abuse of discretion in the trial court's denial of appellant's request for a continuance. The trial court's decision was not arbitrary, unconscionable or unreasonable.

{¶12} Appellant's sole assignment of error is, therefore overruled.

{¶13}  Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, John, P.J. and

Wise, Earle, J. concur.

CRB/dr

[Cite as *State v. Graszl*, 2020-Ohio-1454.]